IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Emory Chiles, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:06-cv-0579 |
| Officer Scott, Sgt. Fogul, individually and in their official capacities, | : | JUDGE MARBLEY |
| Defendants. | : | |

OPINION AND ORDER

This matter is before the Court on an objection to the Magistrate Judge's Opinion and Order and Report and Recommendation filed by Emory Chiles, a prisoner-plaintiff proceeding pro se. Defendants have filed a memorandum opposing the objection. For the following reasons, the objection will be overruled and the Report and Order will be adopted in its entirety.

I.

Mr. Chiles has objected both to the Magistrate Judge's Order denying his motion to compel discovery and to the Report which recommends that this Court grant the motion to dismiss or for partial summary judgment filed by the defendants, Todd Scott and Jason Fogle, relating to the claims asserted against them in their official capacities. The Court notes that no party has objected to the Magistrate Judge's recommendation that defendants' second motion for summary judgment be denied, so that recommendation will be adopted.

The Court notes that there are two different standards of review to be applied to Mr. Chiles' objection. His objection to the order denying the motion to compel is reviewed to determine if it is clearly erroneous or contrary to law.  28 U.S.C. §

636(b)(1)(A). The Magistrate Judge's recommendation concerning the motion to dismiss or for partial summary judgment will be reviewed de novo. 28 U.S.C. § 636(b)(1)(C). Keeping these standards in mind, the Court will analyze each objection accordingly.

II.

The Magistrate Judge's recommendation to grant the motion to dismiss or for partial summary judgment was grounded in the legal theory that a suit against Messrs. Scott and Fogle in their official capacities is essentially a suit against the Jefferson County Sheriff's Department itself. In order for Mr. Chiles' official capacity claim to survive dismissal or summary judgment, there must be allegations or evidence of a direct causal link between a sheriff's department policy and custom and the alleged constitutional violation, or some other legal basis for holding the sheriff's office responsible for the actions of the individual defendants.

The Magistrate Judge reviewed the complaint and evidence under both the motion to dismiss and motion for summary judgment standards. Under the Rule 12(b)(6) standard, the Court concluded that the complaint "failed to allege or mention any Jefferson County Sheriff's Department policy or custom under which Messrs. Scott and Fogle were acting when they allegedly assaulted Mr. Chiles." (Opinion and Order and Report and Recommendation (doc. #32) at p. 16). Moreover, under Rule 56, viewing the evidence in a light most favorable to Mr. Chiles, the Magistrate Judge concluded that there was no evidence in the record to support Mr. Chiles' claim that the alleged assault by Messrs. Scott and Fogle was part of a sheriff's department policy or custom. (Id. at 16). The Magistrate Judge also reviewed and rejected other various legal theories under which Messrs. Scott and Fogle could be liable in their official capacities. (Id. at 17). The defendants' motion, therefore, was granted under both standards.

In his objection, Mr. Chiles argues that the complaint, combined with his response to the motion to dismiss and for partial summary judgment, placed the defendants on notice that he was seeking to sue them both in their individual and official capacities. For support, Mr. Chiles highlighted a portion of his response that stated (reproduced verbatim):

> [T]he Jefferson County Jail pursued an official custom or policy by failing to adequately train, supervise or discipline its officer's Todd Scott and SGT Jason Fogle at the jail, and that such official policy or custom adopted by the official makers of policy was 'deliberate indifference' towards plaintiff constitutional rights.

(Plaintiff's Response to Defendants' Motion to Dismiss or for Partial Summary Judgment (doc. #21) at p. 4).

Assuming, arguendo, that Mr. Chiles is correct in his claim that the motion to dismiss should be denied because his response to the defendants' motion (which contains allegations not found in the complaint) provided sufficient notice to Messrs. Scott and Fogle that they were being sued in both their individual and official capacities, see, e.g., Abdur-Rahman v. Mich. Dept. of Corr., 65 F.3d 489, 491 (6th Cir.1995)(reply to motion for summary judgment sufficient to give defendants' notice that they are being sued under both individual and official capacities), there are still no genuine issues of material fact, under the summary judgment standard, concerning his claim that the alleged assault was causally related to a policy or custom of the Jefferson County Sheriff's Department. Mr. Chiles' own statement indicates that this was the only alleged incident of assault which occurred while he was incarcerated at the Jefferson County Jail. Further, there is no evidence in the record that the sheriff's department failed to train or supervise Messrs. Scott and Fogle (or any other department employee), nor is there any evidence concerning any

department policy or custom in general. Thus, defendants' motion for partial summary judgment is well-taken. Accordingly, the objection to the recommendation that it be granted will be overruled.

### III.

Mr. Chiles also objects to the Magistrate Judge's Order denying his motion to compel discovery. At issue is a second set of interrogatories that Mr. Chiles served on the defendants. As noted, supra, the Court will sustain this objection only if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

The relevant part of Rule 33 states that "without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts ...." Fed.R.Civ.P. 33(a). Put simply, the Rule provides that a party may serve 25 interrogatories upon any party without seeking leave of court or written stipulation. If a party wishes to exceed 25 interrogatories, however, that party must seek leave of court or provide written stipulation in order to do so.

The record reflects that Mr. Chiles has previously served, and the defendants answered, a first set of interrogatories, which exceeded 75 in number. Thus, under Rule 33, Mr. Chiles was required to seek leave of court or an agreement of the defendants before he could properly serve them with another set of interrogatories. Because Mr. Chiles did not request leave of court or obtain the defendants' agreement, he has no right to require the defendants to answer his additional interrogatories. For this reason, the Magistrate Judge's Order denying his motion to compel was not clearly erroneous or contrary to law.

### IV.

Based on the foregoing, Mr. Chiles' objection to the

4

Magistrate Judge's Opinion and Order and Report and Recommendation (doc. #32) is OVERRULED.  The Report and Order is ADOPTED in its entirety.  The defendants' second motion for summary judgment (#24) is DENIED.  The defendants' motion to dismiss or for partial summary judgment (#20) is GRANTED.  The official capacity claims against defendants Scott and Fogle are DISMISSED WITH PREJUDICE.  The individual capacity claims remain pending for trial.


                                                          s/Algenon L. Marbley
                                                         Algenon L. Marbley
                                                         United States District Judge